AMENDED OPINION
PER CURIAM.
Defendant appeals the denial of his motion to correct an illegal sentence. We affirm.
Defendant was indicted in December 1985 for first degree murder and armed robbery. In 1986, defendant negotiated a plea with the state. In exchange for a plea of guilty, the state reduced the charges to second degree murder and armed robbery; the trial court imposed a sentence of life imprisonment without a mandatory minimum term; defendant could request a commutation recommendation from the Department of Corrections after serving ten years. The first degree murder charge had carried a sentence of life imprisonment with a mandatory minimum of twenty five years; however, the life imprisonment sentence represented an upward departure from the guidelines sentence for the reduced charge of second degree murder.
At the time of defendant’s offense, the Florida Statutes provided, “Any prisoner who is sentenced to life imprisonment, who has actually served 10 years and has sustained no charge of misconduct and has a good institutional record, shall be recommended by the [Department [of Corrections] for a reasonable commutation of his sentence_” Section 944.30, Fla.Stat. (1985). In 1986 the commutation provision was amended to become discretionary with the Department of Corrections, rather than mandatory. Ch. 86-183, § 23, Laws of Fla. In 1988 the statute was repealed entirely. Ch. 88-122, § 11, Laws of Fla. In 1990, defendant filed a motion to correct an illegal sentence and petitioned for a writ of habeas corpus. Defendant argued that he had not knowingly intended to waive his right to appeal the upward departure sentence, that the repeal of section 944.30 deprived him of a recommendation for com *376 mutation from the Department of Corrections upon his completion of ten years imprisonment, and that he did not learn for many years after entering into the plea agreement that he was not entitled to gain time. The trial court denied the motion and the petition. Defendant filed an appeal.
We affirm the trial court’s denial without prejudice to defendant filing a request for a commutation recommendation with the Department of Corrections upon fulfilling the requirements. Dugger v. Williams, 16 F.L.W. S749, — So.2d - (Fla. Nov. 27, 1991).
Affirmed.